IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM CHRISTOPHER LINDSEY                                                              PLAINTIFF

v.                               Civil No. 3:22-cv-03048-TLB-MEF

CAPTAIN ENGLES                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, William C. Lindsey ("Lindsey"), pursuant to 42 U.S.C. § 1983. Lindsey proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.      BACKGROUND**

Lindsey is currently incarcerated in Carroll County Detention Center. (ECF No. 1 at 1-2). Lindsey was convicted on August 31, 2022, and he is serving a state sentence. *Id.* at 2.

According to the allegations of the Complaint, since August 1, 2022, Lindsey has been housed in a 12-man pod with between 25 to 28 inmates assigned to it. (ECF No. 1 at 4). He is housed in a 2-man cell that has three men in it. *Id*. Additionally, Lindsey says the day room has

1

several men on the floor. *Id*. In Lindsey's opinion the pod is "way too over crow[d]ed." *Id*. at 5. Lindsey also notes that some men are "peeing in the shower." *Id*.

For relief, Lindsey asks for an award of compensatory damages. (ECF No. 1 at 9). Additionally, he asks that he be transferred to the Arkansas Division of Correction or some other facility where it is not overcrowded. *Id*.

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." U.S. Const. amend VIII. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In *Davis v. Oregon Cnty., Missouri*, 607 F.3d 543 (8th Cir. 2010), the Eighth Circuit discussed the applicable standard for claims brought under the Eighth Amendment. The Court stated:

> The Eighth Amendment standard for conditions of confinement is whether the defendants acted with deliberate indifference. A prison official is deliberately indifferent if he knows of and disregards a substantial risk to an inmate's safety. There is both an objective component and a subjective component to a claim of deliberate indifference, which questions: (1) whether a substantial risk to the inmate's safety existed, and (2) whether the officer had knowledge of the substantial risk to the inmate's safety but nevertheless disregarded it. The subjective component requires that the official was both aware of facts from which the inference could be drawn that a substantial risk of harm existed, and he must also draw that inference. An official's negligence alone is insufficient to meet the subjective component because the official must recklessly disregard a known, excessive risk of serious harm to the inmate.

3

*Id.* at 548-49 (internal quotation marks and citations omitted).

In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court noted that: "when the conditions of confinement compose the punishment at issue.  Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Id.* at 347.  It is well settled that "overcrowding alone is insufficient to create a [Constitutional] violation." *A.J. by L.B. v. Kierst*, 56 F.3d 849, 854 (8th Cir. 1995).  For a violation to exist, the overcrowding must have "led to deprivations of essential food, medical care, or sanitation" or have led to an increase in inmate violence. *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991) (citation omitted).  When evaluating overcrowding claims, the courts look to several factors, including the size of the living space, the length of time spent in the cell each day, the length of confinement, and the opportunity for exercise. *Kierst*, 56 F.3d at 855. "The duration of an inmate's confinement, while not itself a controlling factor in Eighth Amendment analysis, nonetheless helps to gauge the cumulative burden of the deprivations that the inmate has endured.  A relatively short exposure to harsh conditions is less onerous than a protracted exposure, and courts have, therefore, looked to the length, as well as the severity" of confinement. *Johnson v. Anderson*, 370 F. Supp. 1373, 1387 (D. Delaware 1974); s*ee also Hutto v. Finney*, 437 U.S. 678, 685 (2015) (the length of confinement cannot be ignored in deciding whether the overall conditions of confinement violate the Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (inmate failed to establish the conditions in the strip cell denied him the minimal civilized measure of life's necessities where he was placed in a strip cell for four days, had no clothing or bedding, the water was shut-off, and he was provided no hygiene items).

Here, Lindsey has not alleged that the overcrowding has led to the deprivations of essential

food, shelter, medical care, exercise, or sanitation. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (a *de* minimis level of imposition does not rise to the level of a constitutional violation). He has not alleged there was an increase in violence, vandalization of cells, or the creation of "deep seated enmities growing out . . . of constant daily friction." *Hutto*, 437 U.S. at 688. While Linsey did allege that some inmates urinated in the shower, he made no factual allegations that connected this activity to the overcrowding, nor to a deprivation of sanitary conditions. *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as overall conditions can rise to the level of cruel and unusual when no specific deprivation of a single human needs exists"). Further, Lindsey's exposure to the overcrowding has existed for a fairly short period of time—less than two months. As noted by the Supreme Court in *Rhodes*, 452 U.S. at 348, the "Constitution does not mandate comfortable prisons."

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE